Curia, per

Harper, C.
We agree with the presiding Judge, that under the will of his grand-father, Cornelius Brown Williams took an estate in fee simple. By the rule in Shelly’s case, which has been an admitted and established rule of law for centuries, and the wisdom of which is more approved as it is better understood, it was determined that if an estate of freehold be given to the ancestor, and a remainder be thereon limited to his heirs, or to the heirs of his body, such remainder is *194 immediately executed in possession in the ancestor so taking the freehold, and he takes an estate in fee or in tail, according to the terms of the limitation. This is an arbitrary rule of law, unconnected with and independent of the donor’s or testator’s intention. It is of course to be supposed, that in every case where an estate for life is expressly given, an estate for life is intended. The devise in question comes within the very terms of the rule, unless, as has been contended, the words “ to be equally didided,” which are added to the devise, exempt it from its operation. There have been some eases where, after a life estate to the ancestor, the remainder has been limited to the heirs of his body, “ to be equally divided” — or, “ to take as tenants in common, and not as joint tenants” — in which these qualifying words have been thought to indicate the donor’s intention not to use the word “ heirs” in the technical sense, but to give to all children, as purchasers, whether heirs or not, according to the law of England. But on the clear preponderance of authority, I think it fully settled, that, even where the limitation is to the “heirs of the body,” the superadded words cannot have that effect. The latest and most elaborately considered case, was that of Jesson vs. Wright, 2 Bligh. Par. Ca. 1. In that case the devise was to A for life, he keeping the buildings in tenantable repair; to the heirs of the body of A, in such shares and proportions as he by deed or will should appoint, and for want of appointment, then to the heirs of the body of A, share and share alike, to take as tenants in common, and not as joint tenants; and if but one child, then to such child; and for want of such issue, over. Lord Eldon and Lord Redesdale held that A took an estate tail, and that the words importing a tenancy in common, must be rejected as repugnant. See to the same effect, Doe vs. Smith, 7 T. R. 531 ; Pearson vs. Sickers, 5 East. 548; Doe vs. Goff, 11 East. 668 ; and Bennett vs. Earl of Tankerville, 19 Ves. 170.
It is observed by Mr. Hayes, in his very clear and able essay on the disposition of real estates, that the cases which might appear at first sight to furnish exceptions to the rule, are not cases of exception but of exclusion — r“ oases in which there was no such limitation as the rule intends ; but that under the denomination of heirs of the body, or some other term sufficient in itself to describe the line of heirs special, other persons than heirs, or a certain individual or individ/uals only, selected from the line of heirs, was or were intended to take.” The well known rule is, that words are to be taken in their established technical sense, unless there be a clear'indication that the testator intended to make use of them in a different sense. Butin this case, it is absolutely impossible to apply them in a different sense. The word “ heirs ” cannot be taken to mean children ; jt plainly imports all who can inherit, whether lineally or collaterally. It *195 Cafínot mean' persons not heirs ;■ for that is the only description by which the persons meant are to be ascertained ; and it cannot mean any individual or individuals in the line of heirs, for certainly every person, in indefinite succession, who answers to the description of heir, may take under the devise. It may be observed, that in this country, where all' children, ot all Collaterals in the same degree, inherit, there is not the same repugnancy in the superadded words as exists in England, where, in general, a single person is the heir. I conclude that the devise is not less within the express terms of the rule on account of the superadded words.-
The motion is dismissed.
Richardson, DeSadssure, Evans, Johnston, Johnson,- and Earle, CC. and JJ. concurred.